# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER STENSON,     Case No. 1:16-cv-357
   Petitioner,

               Black, J.
   vs.              Bowman, M.J.

WARDEN, WARREN       **REPORT AND**
CORRECTIONAL INSTITUTION,   **RECOMMENDATION**
   Respondent.

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a pro se petition for writ of habeas corpus challenging his March 7, 2014 Hamilton County, Ohio convictions and sentence in case number B-1207554.  (Doc. 1).  This matter is before the Court on respondent's motion to transfer the petition to the Sixth Circuit (Doc. 8) and petitioner's response in opposition.  (Doc. 9).

Petitioner raises the following single ground for relief in the petition:

> GROUND ONE: Alleged "State Court" proceedings were contrary to treaty, law and constitution of the United States as trial court was without jurisdiction in unceded Indian Territory, rendering proceedings void *ab initio* pursuant to *Worchester v. Georgia.*

(Doc. 1, Petition at PageID 4).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his Hamilton County conviction and sentence.  On November 24, 2014, petitioner filed his first habeas petition.  *See Stenson v. Warden*, Case No. 1:14-cv-897 (S.D. Ohio Nov. 24, 2014) (Black, J.; Merz, M.J.) (Doc. 1).  Petitioner raised the following two grounds for relief in his prior petition:

> **Ground One:** I, the petitioner is being unlawfully imprisoned because Case No. B-1207554 did not make it to its proper jurisdiction which is the United States Supreme Court. Article III; the Judicial Branch section 2/clause 2 of U.S.

Constitution Article VI; National Debt/Supremacy of the national government clause 2/clause 3 of U.S. Constitution.

**Ground Two:** When the State of Ohio became a party to Case No. B-1207554, it was supposed to go directly to the United States Supreme. Since the case never made it to its proper jurisdiction, this is a violation of my due process pursuant to the 5th and 14th amendments of the U.S. Constitution, and Article III; the Judicial Branch section 2/clause 2, and Article VI; National Debt/Supremacy of the national government clause 2/clause 3 of the U.S. Constitution

(*Id.* at PageID 5–6).  On January 15, 2016, following a stay pending exhaustion of state court remedies, the Court found petitioner's grounds for relief to be without merit and dismissed the petition with prejudice.  (*See id.,* Doc. 18,19).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition.  In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive

2

petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[1]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has recently held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the

---

[1] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

4

original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

In this case, petitioner is attacking the same conviction and sentence challenged in his prior petition,[2] which the court adjudicated on the merits.[3] Petitioner has not otherwise argued that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court or that the factual basis for the claim could not have been discovered previously.  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application.  Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth

---

[2]  Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King, In re Stansell,* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

[3] In response to the motion to dismiss, petitioner contends that his prior petition was not heard on the merits.  (Doc. 9 at PageID 138).  However, the Court issued a Report and Recommendation on the Merits on December 22, 2015, wherein Judge Merz stated "[u]pon examination of the claims made by Petitioner that the state courts lacked jurisdiction to try and punish him for crimes proscribed by the Ohio Revised Code because he was entitled to have them heard originally in the United States Supreme Court, the Petition is found to be without merit for the reasons previously given in the Decision and Order of December 14, 2015." *Stenson v. Warden*, Case No. 1:14-cv-897 (TSB; MRM) (S.D. Ohio Dec. 22, 2015) (Doc. 18 at PageID 171).  The Court adopted the Report and Recommendation on January 15, 2016 and dismissed the petition with prejudice.  (*Id.*, Doc. 19).

Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to transfer petitioner's second habeas petition to the Sixth Circuit (Doc. 8) be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to transfer petitioner's habeas petition to Sixth Circuit Court of Appeals (Doc. 8) be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER STENSON,                    Case No. 1:16-cv-357
     Petitioner,

                                    Black, J.

     vs.                                 Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
     Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).